UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE GONZALEZ-RIVERA, | : | |
| Petitioner | : | |
| | : | |
| | : | NO. 3:CV-06-1579 |
| -vs- | : | |
| | : | (Judge Kosik) |
| | : | |
| | : | |
| JOHNATHAN MINER, WARDEN, and | : | |
| ALBERTO GONZALEZ, ATTORNEY | : | |
| GENERAL, | : | |
| | : | |
| Respondents | : | |

# MEMORANDUM

## I.   Background

Jose Gonzalez-Rivera, an inmate confined at U.S.P. Allenwood, Pennsylvania, filed this habeas corpus action on August 14, 2006 pursuant to 28 U.S.C. §2241.  Named as respondents are Johnathan Miner, Warden, and Alberto Gonzalez, Attorney General. Petitioner has submitted the required $5.00 filing fee.

In his petition, petitioner states that he was convicted of operating a continuing criminal enterprise in violation of 21 U.S.C. §848 and possession with intent to distribute cocaine in violation of 21 U.S.C. §841 in the United States District Court for the Eastern District of Pennsylvania.   He was sentenced to a term of 36 years imprisonment on November 7, 2000.  He states that no appeals were taken from the judgment of conviction.

In his petition, petitioner requests "release from unlawful custody and confinement for lack of subject matter jurisdiction."  Specifically, petitioner states:

> Warden J. Miner, Custodian of United States Penitentiary Allenwood has Petitioner Jose Gonzalez-Rivera illegally confined in his custody on an April 23, 1993 Judgment and

Commitment Order that is **Void**. The Judgment is invalid due to the fact that it lack the statutory authority under Title 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), §851(a)(1), (2), (c)(2) and Title 18 U.S.C. §3559(a)(1), (c)(1)(A)(ii) Subsections necessary to enter Judgment. Thus, invalidating the legality of his custody over Petitioner in this action.

The Judgment reflect Title 21 U.S.C. § §846, §841(a)(1) and no specific quantity of drugs. Such statutes and subsections has no leigislative [sic] authorized penalty provisions warranting judgment to be entered. Therefore, Judgment and Sentence is **Void**. (footnote omitted).

Attached to the petition is the petitioner's "Amended Judgment in a Criminal Case" filed in the United States District Court for the Eastern District of Pennsylvania November 7, 2000. Also attached to the petition is the "Judgment in a Criminal Case" filed in the United States District Court for the Eastern District of Pennsylvania filed on April 23, 1993.

## II.   Discussion

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most appropriately brought as a motion pursuant to 28 U.S.C. §2255 filed in the district court in the district where he was convicted. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).[1] As a general rule, a §2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. §2255.'" Myers v. Booker, 232 F.3d 902 (10th Cir. 2000) (unpublished disposition at 2000 WL1595967)(citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

---

[1] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be a "limitation of scope or procedure . . . prevent[ing] a §2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful §2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make a §2255 inadequate or ineffective."); Brown v. Mendez, 167 F.Supp.2d 723, 727 (M.D.Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In Cradle v. United States, the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to §2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of §2255. Rather, the court in Cradle held that the habeas exception recognized in §2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Cradle, 290 F.3d at 538-39.

As stated in Dorsainvil, the availability of the §2241 remedy to challenge a federal conviction is extremely limited. Dorsainvil, 119 F.3d at 250. A prisoner can pursue habeas relief under the safety valve clause of §2255 usually only in a situation where a subsequent

statutory interpretation reveals that the prisoner's conduct is no longer criminal to avoid a miscarriage of justice. See Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

With the above principles as our guide, it is clear that petitioner cannot raise his claims in the instant §2241 petition. Petitioner is arguing that his judgment and sentence were void because the judgment failed to cite statutory authority. Petitioner has failed to seek any type of appellate or collateral review of his judgment and sentence.

Further, petitioner does not demonstrate the emergence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that would negate the criminality of his actions. See 28 U.S.C. § 2244(b)(2)(A); Dorsainvil, 119 F.3d at 251 (in denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that §2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. Such a holding would effectively eviscerate Congress's intent in amending §2255.").

In the instant case, petitioner argues that his judgment is invalid because it lacked statutory authority. He does not claim he is innocent of the underlying crime of which he was convicted, but merely challenges his judgment and sentence. He does not come forth with any change in the substantive law which negates the criminal activity of which he was convicted, but rather raises sentencing and judgment issues. Based on the foregoing, the instant situation does not fall within the limited exception recognized in Dorsainvil which would permit petitioner's §2241 petition challenging his federal judgment and sentence. Accordingly, the petition will be denied. An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


JOSE GONZALEZ-RIVERA,        :
:
          Petitioner     :
:
:     NO. 3:CV-06-1579
     -vs-               :
:     (Judge Kosik)
:
:
JOHNATHAN MINER, WARDEN, and  :
ALBERTO GONZALEZ, ATTORNEY  :
GENERAL,                     :
:
          Respondents    :


## ORDER


AND NOW, this 24th day of August, 2006, in accordance with the foregoing Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The petition for writ of habeas corpus pursuant to §2241 is **denied.**

2.      The Clerk of Court is directed to **close this case**.



                               s/Edwin M. Kosik
                               United States District Judge